IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTORIA BIBBS | ) | |
|     Plaintiff, | ) | |
|     v. | ) | C.A. No. 04-349Erie |
| | ) | District Judge Cohill |
| BRADLEY FOULK, et al. | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [Document # 7] be granted.

**II.    REPORT**

    **A.    Procedural History**

Plaintiff filed this *pro se* civil rights action. Named as Defendants are: Bradley Foulk, District Attorney of Erie County, Pennsylvania; Rick Schenker, Erie County Executive; Gene Walczak and Michael Cauley of the Erie County Office of Children and Youth.

Presently pending before this Court is Defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

    **B.    The Standards of Review**

        **1.    *Pro Se* Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting

1

Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should be done so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2.   Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). Under this "notice pleading," the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

### C.    Plaintiff's Complaint

In her *pro se* complaint, Plaintiff alleges:

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. 1331, 110 U.S. 701, 708(1884), 110 U.S. 516, 537(1884), 153 U.S. 380, 386(1984) and cite: 42 U.S.C. 13001d et sg,

7. On March 19, 2004 Bradley Foulk and Rick Schenker and Gene Walczak and Michael R. Cauley entered into a contract against Plaintiff, whereby the Bradley Foulk and Rick Schenker and Gene Walczak and Michael R. Cauley agreed to

8. Denied the Plaintiff the security and protection that is guaranteed under the constitution, each party agreed

9. Denied the Plaintiff fairness in elimination of unjustifiable expense and delay, each party agreed

10. Denied the Plaintiff promotion of growth and development of law of evidence to the end that truth may be ascertained and proceedings justly determined, each party agreed

11. Denied the Plaintiff conference which admits evidence, each party agreed

12. Denied the Plaintiff offer of proof - one excluding evidence, record of offer and ruling, each party agreed

13. Denied the Plaintiff substance which was known to the court by offer, each party agreed

14. Denied the Plaintiff ruling on evidence to established effect on erroneous ruling, each party agreed

15. Denied the Plaintiff the authorized relief guaranteed and granted by the United States Constitution and the 14th Amendment, made clear, each party agreed

> Whereby, the Plaintiff seeks the resolution in line (6) pursuant to the jurisdiction over this matter
>
> Whereby, the Plaintiff seeks the survey, review, and investigation appropriate, to assign this case, and monitor, review, and investigate it's further activities
>
> Whereby, the Plaintiff demands judgment against the defendants for cost, damages, and penalties, and demand the return of Plaintiff property, and such other relief this court deems just.

Document # 1, Complaint.

Here, Plaintiff's complaint does not meet that minimum requirement to set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted. Plaintiff does not offer any theory of recovery or any facts to support a specific claim. Plaintiff does not even specify what each Defendant did.

Accordingly, the motion to dismiss for failure to state a claim should be granted.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants [Document # 7] be granted.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights. _____

                              S/ Susan Paradise Baxter
                              SUSAN PARADISE BAXTER
                              Chief United States Magistrate Judge

Dated: July 1, 2005

cc:    The Honorable Maurice Cohill
       United States District Judge

       all parties of record (lw)